**Gulam MOSTOFA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70154.
Agency No. A70–187–723.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 17, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Garish Sarin, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Timothy P. McIlmail, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before CANBY, KOZINSKI, and PAEZ, Circuit Judges.

## MEMORANDUM**

■ Gulam Mostofa, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of Mostofa's application for asylum and withholding of deportation. We have jurisdiction pursuant to former 8 U.S.C. § 1105a(a), *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), and review the IJ's decision because his conclusions were adopted by the BIA. *See Arulampalam v. Ashcroft*, 353 F.3d 679, 680 (9th Cir.2003). We deny the petition for review. *See Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000) ("[T]he IJ's determination that an alien is not eligible for asylum must be upheld if supported by reasonable, substantial, and probative evidence in the record.").

Aside from doubting Mostofa's credibility, the IJ also concluded that Mostofa did not suffer past persecution. Substantial evidence supports this conclusion, as the record evidence of Mostofa's injuries does not compel a finding of past persecution. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir.1995) ("Although a reasonable factfinder could have found this incident sufficient to establish past persecution, we do not believe that a factfinder would be compelled to do so.").

■ Moreover, "a petition must be denied unless the evidence [is] so compelling that no reasonable factfinder could fail to

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

find the requisite fear of persecution." *See Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000) (quotation marks and citation omitted). Substantial evidence supports the IJ's conclusion that Mostofa did not "point[ ] to credible, direct, and specific evidence in the record ... that would support [an objectively] reasonable fear of persecution" for a returning Jatiya party member. *See Singh v. INS,* 134 F.3d 962, 966 (9th Cir.1998) (quotation marks and citation omitted).

■ Mostofa asks that we take judicial notice of the BNP's return to power in 2001. We decline to do so, as our determination that Mostofa did not demonstrate past persecution means that "we must consider the facts in the administrative record as if they speak to the current situation." *Avetova–Elisseva v. INS,* 213 F.3d 1192, 1198 n. 9 (9th Cir.2000).

The Clerk is directed to stay the mandate pending the resolution of *Deloso v. Ashcroft,* No. 02–72317, and further order of this Court.

**PETITION FOR REVIEW DENIED.**

PAEZ, Circuit Judge, dissenting.

I respectfully dissent.